UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.

TERRY CARRAWAY, as Personal
Representative for the Estate of his
deceased son, KENTRILL CARRAWAY,

       Plaintiffs,

vs.

JUAN J. PEREZ, in his official capacity as
Chief of Police of Miami Dade County, Florida,
GEORGE EUGENE; and
MIAMI DADE COUNTY, Florida,
a political subdivision of the State of Florida,

       Defendants.

_____/

## COMPLAINT FOR WRONGFUL DEATH AND VIOLATION OF CIVIL RIGHTS

COMES NOW the Plaintiff, TERRY CARRAWAY, as Personal Representative for the

Estate of his deceased son, KENTRILL CARRAWAY, and hereby sues the Defendants, JUAN J.

PEREZ (hereinafter "PEREZ"), in his official capacity as Chief of Police of Miami Dade County,

Florida, GEORGE EUGENE (hereinafter "EUGENE"), in his individual capacity, and MIAMI

DADE COUNTY, FLORIDA (hereinafter "MIAMI DADE"), a political subdivision of the State

of Florida, and in support thereof allege as follows:

### PRELIMINARY STATEMENT

1.     This is a civil rights action in which the Plaintiff seeks relief from the Court for

the wrongful death of KENTRILL CARRAWAY and for the Defendants' violation of

KENTRILL CARRAWAY's civil rights secured by the Civil Rights Act of 1871, 42 USC §

1983, the Constitution of the United States, including its Fourth and Fourteenth Amendments,

and by the laws of the State of Florida and common law.

2.     On or about May 19, 2016, KENTRILL CARRAWAY, was shot and killed by the Defendant, EUGENE, in Miami Dade County, Florida, without legal cause or excuse, while Defendants were in the process of unreasonably seizing the decedent and while unreasonably violating his rights under the Fourth Amendment to the United States Constitution.

## JURISDICTION AND VENUE

3.     This is an action for monetary damages in excess of $75,000.00 exclusive of interest, attorneys' fees and costs.

4.     This Court has original jurisdiction pursuant to 28 USC § 1343 and 28 USC § 1331 over Plaintiff's § 1983 claim.

5.     This Court has supplemental jurisdiction over Plaintiff's state claims under 28 USC § 1367 because these claims are so related to Plaintiff's §1983 claims that they form part of the same case or controversy.

6.     Venue is appropriate in this Court pursuant to 28 USC § 1391(b) because the events giving rise to the claims asserted herein occurred in the district of Miami Dade County, Florida.

7.     That the Plaintiff has complied with all provisions of Florida Statutes §768.28, and specifically Florida Statutes §768.28(6) relating to presenting a claim in writing and notice of the action.  The appropriate governmental agencies have denied the claim presented by the Plaintiff or, and failed, in the alternative, to respond within six (6) months after it was filed.  Pursuant to the above statute, the claim has been either affirmatively denied or deemed denied.  A copy of the notice letters are attached hereto as Composite Exhibit "A".

2

8.      All conditions precedent to the filing of this action have either been performed or waived.

## PARTIES

9.      At all times material hereto, KENTRILL CARAWAY, was an adult residing in Miami Dade County, Florida, a citizen of the State of Florida, and a citizen of the United States of America.

10.     TERRY CARRAWAY, is the natural father of the decedent, KENTRILL CARRAWAY.   He is the Personal Representative of Carraway's Estate (a copy of the Order Appointing Personal Representative is attached hereto as Exhibit "B").   The potential beneficiaries of the Estate of KENTRILL CARRAWAY in this action, and the relationship of each to the decedent are as follows:

    i.      Makilah Carr, a minor, and one of the decedent's children;

    ii.     Jayden Curry, a minor, and one of the decedent's children;

    iii.    Aaliyah Curry, a minor, and one of the decedent's children.

11.     At all times material hereto, the Defendant, MIAMI DADE was an entity authorized and created under the laws of the State of Florida.   The Defendant, MIAMI DADE assumes the risk incidental to the maintenance of a police force and the employment of law enforcement and police officers.

12.     At all times material hereto, Defendant PEREZ, was the Chief of Police of Miami Dade County, Florida, and the public employer of the Defendant EUGENE.

13.     At all times material, Defendant, EUGENE, was a Miami Dade Police Department police officer, acting within the course and scope of his employment with MIAMI DADE and the Miami Dade Police, and under color of state and federal law.  Officer EUGENE

is being sued in his individual and official capacities.

14.     Defendant, EUGENE, was at all time relevant herein duly appointed and acting officer, servant, employee and agent of the Miami Dade County Police Department, an agency of the Defendant MIAMI DADE.

15.     At all times relevant herein, the individual Defendants were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of Florida and Miami Dade County, Florida; were acting in the course and scope of their duties and functions as officers, agents, servants, and employees of the Defendant, MIAMI DADE; were acting for, and on behalf of, and with the power and authority vested in them by the MIAMI DADE, Florida;   and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

16.     Due to the conducts, acts, and omissions complained of herein, Defendants violated clearly established constitutional standards under the Fourth and Fourteenth Amendments of the United States Constitution.

**FACTS APPLICABLE TO ALL COUNTS**

17.     Upon information and belief, on or about May 19, 2016, KENTRILL CARRAWAY was with friends in the backyard of a property located at NW 78th Street and 21st Avenue in Miami Dade County, Florida.

18.     At approximately 4:00 p.m. a Miami Dade Police car charged up a vacant lot toward the backyard where these young black men were congregating.  With guns drawn, the Miami Dade Police, including Defendant EUGENE, began to yell commands at the young black men, ordering them to halt and put their arms up.

4

19.     KENTRILL CARRAWAY began to run from the officers.  After running approximately 15 yards, two additional officers, who charged at the young black men from a different direction opened fire, and Defendant EUGENE shot CARRAWAY in the back twice, killing him.

20.     The force used by the Miami Dade Police officers, was illegal and excessive.  At the time of the shooting there was no emergency present, there was no probable cause to make an arrest and KENTRILL CARRAWAY did not pose a threat of death of serious physical harm to the police officers or others.

21.     Upon information and belief, KENTRILL CARRAWAY was pronounced dead at the scene.  Multiple gunshot shots fired by Defendant EUGENE caused his death.

### COUNT I – VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANT PEREZ

22.     Plaintiff re-alleges paragraphs 1 through 20 as if fully set forth herein.

23.     This is an action for damages against PEREZ, in his official capacity as the Chief of Police of Miami Dade, for the deprivation of CARRAWAY's Fourth and Fourteen Amendments rights in violation of 42 USC § 1983.

24.     At all times material hereto, the employees, agents and/or officers of PEREZ, including EUGENE, the officer named as a defendant herein, were acting under the color of state law and pursuant to the policy, custom and/or usage of Miami Dade County's Police.

25.     The Fourth Amendment prohibits unreasonable seizure of people, whereby a person has been seized within the meaning of the Fourth Amendment if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he or she was not free to leave. Also, the Fourteenth Amendment of the United States Constitution provides protection to citizens from depravation of life, liberty, or property, without due process of law.

26.     The shooting and subsequent killing of a suspect is a seizure under the Fourth

Amendment, and a deprivation of life under the Fourteenth Amendment.

27.     Defendant EUGENE seized the decedent, KENTRILL CARRAWAY, when he fired and hit the decedent twice in his back.

28.     At the time of the seizure, Defendant EUGENE did not have a reasonable belief that the decedent had committed a crime.

29.     At the time of the seizure, KENTRILL CARRAWAY, did not pose a lethal threat to the Miami Dade Police officers.

30.     At the time the Defendant, EUGENE seized CARRAWAY, the Defendants EUGENE and PEREZ did not have a warrant to arrest CARRAWAY.

31.     The Defendants' arrest and seizure of CARRAWAY was illegal and unconstitutional, and any force used in an illegal seizure is excessive and is part of the claim for illegal seizure.  See *Jackson v. Sauls*, 206 F.3d 1156, 1171 (11th Cir. 2000).

32.     All of the force used against CARRAWAY was illegal and excessive, and deprived CARRAWAY, a United States citizen, of his life without due process of law in violation of the Fourteenth Amendment of the United States Constitution.

33.     The Miami Dade Police, and PEREZ through policies, customs or usages, also hired officers who were substandard and who were not properly trained and disciplined, including EUGENE, who lacked sufficient training on the proper use of firearms, communications skills, defective tactics skills, and decision making skills.

34.     PEREZ and other agents, servants, and/or employees of the Police of Miami Dade County ratified the misconduct of EUGENE against CARRAWAY including the use of excessive force by failing to discipline EUGENE, failing to conduct a thorough shooting investigation, white washing the shooting, and covering up EUGENE's misconduct.

35.    The failure of Miami Dade Police's Chief PEREZ to: properly supervise officers; properly discipline officers; properly train officers; properly hire and retain officers; and prevent the use of excessive force, constitutes deliberate indifference, willful conduct, and knowing conduct towards the public in general and specifically CARRAWAY.

36.    The employees, agents and officers of the Defendant, PEREZ, including EUGENE, through their above-described actions, deprived CARRAWAY of his rights, privileges and immunities secured by the Fourth Amendment of the Constitution of the United States, including the right to be secure in his persons against unreasonable seizures including the use of excessive force.

37.    As a direct and proximate foreseeable result of the Fourth Amendment violations and misconduct of the employees, agents and officers of the Miami Dade Police, as set forth herein, CARRAWAY suffered injuries that caused his death.

38.    The employees, agents and officers of the Miami Dade Police's Chief, PEREZ, through the actions above, deprived CARRAWAY of his rights, privileges, and immunities secured by the Fourteenth Amendment of the US Constitution, including the right to liberty, the right to substantive and procedural due process, the right to be free from unlawful seizure, and those fundamental rights of due process, liberty and life as guaranteed by the Constitution.

39.    As a direct and proximate foreseeable result of the Fourteen Amendment violations and misconduct of the employees, agents and officers of the Miami Dade Police, as set forth herein, CARRAWAY suffered injuries that caused his death.

40.    As a direct and proximate foreseeable result of the abovementioned violations of CARRAWAY's constitutional rights in accordance with the policy, custom or usage of the Miami Dade Police and its Chief, CARRAWAY suffered physical injury, pain, suffering and death and the Plaintiff have in the past and will in the future suffer the following damages:

    i.    medical, funeral, and burial expenses that have become a charge of his Estate and/or that have been paid on behalf of the decedent.

    ii.    loss of support and services, loss of companionship, and for mental pain and suffering resulting from the loss of KENTRILL CARRAWAY.

    iii.    all damages allowable under 42 U.S.C. § 1983, Federal law and Florida law.

    iv.    loss of net accumulations of the Estate.

WHEREFORE, Plaintiff TERRY CARRAWAY, as Personal Representative of the Estate of KENTRILL CARRAWAY, deceased, for the benefit of his Estate and his statutory survivors, demands the following against PEREZ, in his official capacity as the Chief of the Miami Dade Police, for the constitutional violations, civil rights violations, and acts and omissions as set forth herein:

    (a) Judgment for compensatory damages;

    (b) Punitive damages;

    (c) Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil action;

    (d) A trial by jury on all issues so triable; and

    (e) Such other and further relief that this court may deem just, proper and appropriate.

## COUNT II – VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANT EUGENE

41.    Plaintiff re-alleges paragraphs 1 through 20 as if fully set forth herein.

42.    This is an action for damages against EUGENE for the deprivation of CARRAWAY's Fourth and Fourteenth Amendment rights in violation of 42 USC § 1983.

43.    At all times material hereto, EUGENE was acting under the color of state law and pursuant to the policy, custom and/or usage of the Miami Dade Police.

44.    The Fourth Amendment prohibits unreasonable seizure of people, whereby a person has been seized within the meaning of the Fourth Amendment if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he or she was not free to leave.

Also, the Fourteenth Amendment of the United States Constitution provides protection to citizens from depravation of life, liberty, or property, without due process of law.

45.     The shooting and subsequent killing of a suspect is a seizure under the Fourth Amendment, and a deprivation of life under the Fourteenth Amendment.

46.     Defendant EUGENE seized the decedent, KENTRILL CARRAWAY, when he fired and hit the decedent twice in his back.

47.     At the time of the seizure, Defendant EUGENE did not have a reasonable belief that the decedent had committed a crime.

48.     At the time of the seizure, KENTRILL CARRAWAY, did not pose a lethal threat to the Miami Dade Police officers.

49.     At the time the Defendant, EUGENE seized CARRAWAY, the Defendant EUGENE did not have a warrant to arrest CARRAWAY.

50.     The Defendant's arrest and seizure of CARRAWAY, was illegal and unconstitutional, and any force used in an illegal seizure is excessive and is part of the claim for illegal seizure. *See Jackson v. Sauls*, 206 F.3d 1156, 1171 (11th Cir. 2000).

51.     All the force used against CARRAWAY was illegal and excessive, and deprived CARRAWAY, a United States citizen, of his life without due process of law in violation of the Fourteenth Amendment of the United States Constitution.

52.     EUGENE, through the actions described above deprived CARRAWAY of his rights, privileges, and immunities secured by the Fourth Amendment of the Constitution of the United States including the right to be free from unreasonable seizures and excessive force against his person.

53.     As a direct and proximate foreseeable result of the violations of the Fourth Amendment and the misconduct of EUGENE, as set forth above, CARRAWAY suffered injuries that caused his

death.

54.    EUGENE, through the actions described above deprived CARRAWAY of his rights, privileges, and immunities secured by the Fourteenth Amendment of the Constitution of the United States including the right to liberty, the right to substantive and procedural due process, the right to be free from unlawful detention and imprisonment, the right to be free from unlawful seizure, and those fundamental rights of due process, liberty, and life, as guaranteed by the Constitution.

55.    As a direct and proximate foreseeable result of the violations of the Fourteenth Amendment and the misconduct of EUGENE, as set forth above, CARRAWAY suffered injuries that caused his death.

56.    As a direct, proximate and foreseeable result of the acts and omissions of Defendant EUGENE, CARRAWAY was killed and the Plaintiff have in the past and will in the future suffer the following damages:

      i.    medical, funeral, and burial expenses that have become a charge of his Estate and/or that have been paid on behalf of the decedent.

     ii.    loss of support and services, loss of companionship, and for mental pain and suffering resulting from the loss of KENTRILL CARRAWAY.

    iii.    all damages allowable under 42 U.S.C. § 1983, Federal law and Florida law.

    iv.    loss of net accumulations of the Estate.

WHEREFORE, Plaintiff pray that this Honorable Court grant the following relief on Plaintiff civil right claim for unreasonable seizure brought pursuant to 42 U.S.C. § 1983 and § 1988:

    (a) Judgment for compensatory damages;

    (b) Punitive damages;

    (c) Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil action;

(d) A trial by jury on all issues so triable; and

(e) Such other and further relief that this court may deem just, proper and appropriate.

## COUNT III – VIOLATION OF 42 U.S.C. § 1983 AGAINST MIAMI DADE COUNTY

57.   Plaintiff re-alleges paragraphs 1 through 20 as if fully set forth herein.

58.   This is an action for damages against MIAMI DADE COUNTY for the wrongful death of CARRAWAY and the deprivation of CARRAWAY's Fourth and Fourteenth Amendment rights in violation of 42 USC § 1983.

59.   At all times material hereto, the employees, agents and/or officers of MIAMI DADE COUNTY, including EUGENE, the officer named as a defendant herein, were acting under the color of state law and pursuant to the policy, custom and/or usage of MIAMI DADE COUNTY.

60.   The Fourth Amendment prohibits unreasonable seizure of people, whereby a person has been seized within the meaning of the Fourth Amendment if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he or she was not free to leave. Also, the Fourteenth Amendment of the United States Constitution provides protection to citizens from depravation of life, liberty, or property, without due process of law.

61.   The shooting and subsequent killing of a suspect is a seizure under the Fourth Amendment, and a deprivation of life under the Fourteenth Amendment.

62.   Defendant EUGENE seized the decedent, KENTRILL CARRAWAY, when he fired and hit the decedent twice in his back.

63.   At the time of the seizure, Defendant EUGENE did not have a reasonable belief that the decedent had committed a crime.

64.     At the time of the seizure, KENTRILL CARRAWAY, did not pose a lethal threat to the Miami Dade Police officers.

65.     At the time the Defendant, EUGENE seized CARRAWAY, the Defendant did not have a warrant to arrest CARRAWAY.

66.     The Defendants' arrest and seizure of CARRAWAY, was illegal and unconstitutional, and any force used in an illegal seizure is excessive and is part of the claim for illegal seizure.   See *Jackson v. Sauls*, 206 F.3d 1156, 1171 (11th Cir. 2000).

67.     All of the force used against CARRAWAY was illegal and excessive, and deprived CARRAWAY, a United States citizen, of his life without due process of law in violation of the Fourteenth Amendment of the United States Constitution.

68.     MIAMI DADE COUNTY prior to this incident, by and through its police department, developed policies and customs exhibiting deliberate indifference to the constitutional rights of their citizenry that were the moving force behind the violation of CARRAWAY's rights.

69.     MIAMI DADE COUNTY had an unofficial or defacto policy/custom tolerating the use of excessive force by members of its police department and said policies were so widespread and well settled within MIAMI DADE COUNTY that it constituted custom and usage with the force of law.

70.     MIAMI DADE COUNTY, through its policy, custom or usage, also hired officers who were substandard and who were not properly trained and disciplined, including EUGENE, who lacked sufficient training on the proper use of firearms, communications skills, defective tactics skills, and decision making skills.

71.     Prior to May 19, 2016, Defendant EUGENE had a history of misbehavior that was ignored, in adequately investigated or resulted in inadequate discipline. MIAMI DADE COUNTY and other agents, servants, and/or employees of MIAMI DADE COUNTY ratified the misconduct of

EUGENE against CARRAWAY including the use of excessive force by failing to discipline EUGENE, failing to conduct a thorough shooting investigation, white washing the shooting, and covering up EUGENE's misconduct.

72.     The failure of MIAMI DADE COUNTY to: properly supervise officers; properly discipline officers; properly train officers; properly hire and retain officers; and prevent the use of excessive force constitutes deliberate indifference, willful conduct, and knowing conduct towards the public in general and specifically CARRAWAY.

73.     The employees, agents and officers of the Defendant, MIAMI DADE COUNTY, including EUGENE, through their above-described actions, deprived CARRAWAY of his rights, privileges and immunities secured by the Fourth Amendment of the Constitution of the United States, including the right to be secure in his person against unreasonable seizures, including the use of excessive force.

74.     As a direct and proximate foreseeable result of the Fourth Amendment violations and misconduct of the employees, agents and officers of MIAMI DADE COUNTY, as set forth herein, CARRAWAY suffered injuries that caused his death.

75.     The employees, agents and officers of MIAMI DADE COUNTY, through the actions above, deprived CARRAWAY of his rights, privileges, and immunities secured by the Fourteenth Amendment of the US Constitution, including the right to liberty, the right to substantive and procedural due process, the right to be free from unlawful seizure, and those fundamental rights of due process, liberty and life as guaranteed by the Constitution.

76.     As a direct and proximate foreseeable result of the Fourteen Amendment violations and misconduct of the employees, agents and officers of MIAMI DADE COUNTY, as set forth herein, CARRAWAY suffered injuries that caused his death.

77.     As a direct and proximate foreseeable result of the abovementioned violations of CARRAWAY's constitutional rights in accordance with the policy, custom or usage of MIAMI DADE COUNTY, CARRAWAY suffered physical injury, pain, suffering and death and the Plaintiff have in the past and will in the future suffer the following damages:

    i.    medical, funeral, and burial expenses that have become a charge of his Estate and/or that have been paid on behalf of the decedent.

    ii.    loss of support and services, loss of companionship, and for mental pain and suffering resulting from the loss of KENTRILL CARRAWAY.

    iii.    all damages allowable under 42 U.S.C. § 1983, Federal law and Florida law.

    iv.    loss of net accumulations of the Estate.

WHEREFORE, Plaintiff TERRY CARRAWAY, as Personal Representative of the Estate of KENTRILL CARRAWAY, deceased, for the benefit of his Estate and his statutory survivors, demands the following against MIAMI DADE COUNTY, for the constitutional violations, civil rights violations, and acts and omissions as set forth herein:

(a) Judgment for compensatory damages;

(b) Punitive damages;

(c) Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil action;

(d) A trial by jury on all issues so triable; and

(e) Such other and further relief that this court may deem just, proper and appropriate.

## COUNT IV – WRONGFUL DEATH ACTION PURSUANT TO § 768.16-768.26, FLORIDA STATUTES, AGAINST PEREZ
### (pled in the alternative)

78.     Plaintiff re-alleges paragraphs 1 through 20 as if fully set forth herein.

79.     This is an action for damages against PEREZ, in his official capacity as the Chief of Miami Dade Police, for the wrongful death of CARRAWAY.

80.    At all times material herein, Officer EUGENE, was acting within the course and scope of his employment with Miami Dade Police, and in furtherance its interests.

81.    At all times material herein, PEREZ was the Chief of Miami Dade Police and had the duty to properly hire, supervise, and discipline Miami Dade Police's officers.

82.    As a direct and proximate cause of the negligent and/or intentional misconduct of EUGENE, as described above, including the use of excessive force, and PEREZ's failure to properly train and supervise its officers, including but not limited to prevent that excessive force was used, CARRAWAY suffered fatal injuries.

83.    The Defendant, PEREZ, Miami Dade County's Chief of Police, is vicariously liable for the negligent and/or intentional misconduct of EUGENE, his employees, agents, and officers, and for their unnecessary and excessive use of force.

84.    The conduct of Defendant EUGENE, as set forth herein, occurred within the course and scope of his employment as a law enforcement officer for the Miami Dade Police.

85.    As a direct and proximate result of Defendant PEREZ's actions or inactions, CARRAWAY died, and PEREZ, in his official capacity as the Chief of Police of Miami Dade County, is responsible for his death and damages. The Plaintiff has suffered and will suffer in the future:

     i.    medical, funeral, and burial expenses that have become a charge of his Estate and/or that have been paid on behalf of the decedent.

     ii.    loss of support and services, loss of companionship, and for mental pain and suffering resulting from the loss of KENTRILL CARRAWAY.

     iii.    all damages allowable under 42 U.S.C. § 1983, Federal law and Florida law.

     iv.    loss of net accumulations of the Estate.

WHEREFORE, Plaintiff demands judgment for damages against PEREZ, in his official capacity as the Chief of Police of Miami Dade for all damages allowed by law including damages and costs, and

further demands trial by jury on all issues so triable.

**COUNT V - WRONGFUL DEATH ACTION PURSUANT TO § 768.16-768.26, FLORIDA STATUTES, AGAINST MIAMI DADE COUNTY**
**(pled in the alternative)**

86.     Plaintiff re-alleges paragraphs 1 through 20 as if fully set forth herein.

87.     At all times material hereto, Defendant EUGENE was acting within the course and scope of his employment with MIAMI DADE COUNTY and in furtherance of its interests.

88.     At all times material hereto, the Defendant MIAMI DADE, their agents, servants and/or employees, including but not limited to EUGENE, owed CARRAWAY the duty to act with due care and reasonable care in the execution and enforcement of any right, law, or legal obligations.  In addition, MIAMI DADE COUNTY had the duty to properly hire, supervise, and discipline Miami Dade County's agents, servants, employees and officers.

89.     As a direct and proximate cause of the negligent and/or intentional misconduct of EUGENE, as described above, including the use of excessive force, and MIAMI DADE COUNTY's failure to properly train and supervise its officers, including but not limited to prevent that excessive force was used, CARRAWAY suffered fatal injuries.

90.     The Defendant, MIAMI DADE COUNTY is vicariously liable for the negligent and/or intentional misconduct of EUGENE, its employees, agents, and officers, and for their unnecessary and excessive use of force.

91.     The conduct of Defendant EUGENE, as set forth herein, occurred within the course and scope of his employment as a law enforcement officer for the MIAMI DADE COUNTY.

92.     Defendant MIAMI DADE COUNTY is responsible for EUGENE's conduct, in that the wrongful conduct was in the course and scope of Defendant, EUGENE's employment with MIAMI DADE COUNTY.

93.     As a direct and proximate result of the acts and omissions of the Defendant MIAMI DADE COUNTY, CARRAWAY was killed and the Plaintiff has in the past and will in the future suffer the following damages:

    i.    medical, funeral, and burial expenses that have become a charge of his Estate and/or that have been paid on behalf of the decedent.

    ii.    loss of support and services, loss of companionship, and for mental pain and suffering resulting from the loss of KENTRILL CARRAWAY.

    iii.    all damages allowable under 42 U.S.C. § 1983, Federal law and Florida law.

    iv.    loss of net accumulations of the Estate.

WHEREFORE, Plaintiff demands judgment for damages against MIAMI DADE COUNTY for all damages allowed by law including damages and costs, and further demands trial by jury on all issues so triable.

## COUNT VI - WRONGFUL DEATH ACTION PURSUANT TO § 768.16-768.26, FLORIDA STATUTES, AGAINST DEFENDANT EUGENE
### (pled in the alternative)

94.     Plaintiff re-alleges paragraphs 1 through 20 as if fully set forth herein.

95.     This is an action for damages against EUGENE, for the wrongful death of CARRAWAY.

96.     At all times material hereto, EUGENE was acting under color of State law, and under color of his authority as a law enforcement officer.

97.     At all times, the Defendant owed CARRAWAY the duty to act with due care or reasonable care in the execution and enforcement of any right, law, or legal obligations.

98.     These general duties of reasonable care and due care owed by EUGENE to CARRAWAY, include but are not limited to the following specific obligations.

- to refrain from seizing, detaining, or arresting CARRAWAY without first having probably cause or legal authority to do so;
- to refrain from using excessive and/or unreasonable force against CARRAWAY;

- to refrain from unreasonably creating the situation where force is used;
- to refrain from abusing his authority granted to him by law;
- to use tactics and force appropriate for a particular circumstance;
- to refrain from violating CARRAWAY's rights guaranteed by the United States Constitution, as set forth above and as otherwise protected by law.

99.    Defendant, EUGENE, through his acts and omissions, breached each and every one of the aforementioned duties owed to CARRAWAY.

100.    As a direct, proximate and foreseeable result of the acts and omissions of the Defendant EUGENE, CARRAWAY was killed and the Plaintiff has in the past and will in the future, suffer the following damages:

   i.    medical, funeral, and burial expenses that have become a charge of his Estate and/or that have been paid on behalf of the decedent.

   ii.    loss of support and services, loss of companionship, and for mental pain and suffering resulting from the loss of KENTRILL CARRAWAY.

   iii.    all damages allowable under 42 U.S.C. § 1983, Federal law and Florida law.

   iv.    loss of net accumulations of the Estate.

WHEREFORE, the Plaintiff demands judgment against the Defendant EUGENE for all damages allowed by law including damages and costs, and further demands trial by jury on all issues so triable.

## COUNT VII - NEGLIGENT HIRING, RETENTION AND/OR SUPERVISION AGAINST DEFENDANT MIAMI DADE COUNTY

101.    Plaintiffs re-allege paragraphs 1 through 20 as if fully set forth herein.

102.    Defendant, EUGENE was under the control, direction and supervision of MIAMI DADE COUNTY.

103.    Defendant, MIAMI DADE COUNTY knew or should have known that Defendant EUGENE had engaged in wrongful conduct in the past and will continue to do so in the future.

104.    Upon information and belief, Defendant EUGENE had multiple complaints, infractions,

and or reports of misconduct filed against him in the past.

105.    That as a result of such complaints, infractions, violations, and/or reports of misconduct, Defendant MIAMI DADE COUNTY knew or should have known that the Defendant police office had a propensity for violence, misconduct, excessive use of force, and/or violations of civil rights.

106.    That Defendant, MIAMI DADE COUNTY at all times material had the ability and authority to discharge, further supervise, and/or retrain Defendant officer so that they did not pose a risk to the public and to CARRAWAY.

107.    That as a direct result of the Defendant, MIAMI DADE COUNTY's failure to further train, supervise, and/or discharge the Defendant officer, it was foreseeable that a member of the public, in this case CARRAWAY, would be killed.

108.    Defendant, MIAMI DADE COUNTY's lack of supervision and retention of the Defendant, Eugene, constitutes negligence or gross negligence.

109.    Defendant officer repeatedly violated Florida law, Federal law, and the policies and procedures of Miami Dade Police Department.

110.    Defendant, MIAMI DADE COUNTY knew or should have known that the Defendant officer was violating the law and the Miami Dade County's Police Department's policies and procedures, yet did nothing to remedy the situation.

111.    As a direct, proximate and foreseeable result of the acts and omissions of the Defendant, MIAMI DADE COUNTY, CARRAWAY was killed and the Plaintiff has in the past and will in the future suffer the following damages:

      i.    medical, funeral, and burial expenses that have become a charge of his Estate and/or that have been paid on behalf of the decedent.

     ii.    loss of support and services, loss of companionship, and for mental pain and suffering resulting from the loss of KENTRILL CARRAWAY.

      iii.    all damages allowable under 42 U.S.C. § 1983, Federal law and Florida law.

      iv.    loss of net accumulations of the Estate.

WHEREFORE, the Plaintiff demands judgment against the Defendant MIAMI DADE COUNTY for damages in a sum in excess of the minimal jurisdiction limits of this Court, together with costs of this suit, and any other relief this Court deems proper, and demands a trial by jury on all issues so triable.

## COUNT VIII - NEGLIGENT HIRING, RETENTION AND/OR SUPERVISION AGAINST DEFENDANT JUAN J. PEREZ

112.    Plaintiff re-alleges paragraphs 1 through 20 as if fully set forth herein.

113.    Defendant, EUGENE was under the control, direction and supervision of the Chief of Police, PEREZ.

114.    Defendant, PEREZ knew or should have known that Defendant EUGENE had engaged in wrongful conduct in the past and will continue to do so in the future.

115.    Upon information and belief, Defendant EUGENE had multiple complaints, infractions, and or reports of misconduct filed against him in the past.

116.    That as a result of such complaints, infractions, violations, and/or reports of misconduct, Defendant PEREZ knew or should have known that the Defendant police office had a propensity for violence, misconduct, excessive use of force, and/or violations of civil rights.

117.    That Defendant, PEREZ at all times material had the ability and authority to discharge, further supervise, and/or retrain Defendant officer so that they did not pose a risk to the public and to CARRAWAY.

118.    That as a direct result of the Defendant, PEREZ's failure to further train, supervise, and/or discharge the Defendant officer, it was foreseeable that a member of the public, in this case CARRAWAY, would be killed.

119.    Defendant officer repeatedly violated Florida law, Federal law, and the policies and

procedures of Miami Dade Police Department.

120.    Defendant, PEREZ knew or should have known that the Defendant officer was violating the law and the Miami Dade County's Police Department's policies and procedures, yet did nothing to remedy the situation.

121.    As a direct, proximate and foreseeable result of the acts and omissions of the Defendant, PEREZ, CARRAWAY was killed and the Plaintiff has in the past and will in the future suffer the following damages:

> i.    medical, funeral, and burial expenses that have become a charge of his Estate and/or that have been paid on behalf of the decedent.

> ii.   loss of support and services, loss of companionship, and for mental pain and suffering resulting from the loss of KENTRILL CARRAWAY.

> iii.  all damages allowable under 42 U.S.C. § 1983, Federal law and Florida law.

> iv.   loss of net accumulations of the Estate.

WHEREFORE, the Plaintiff demands judgment against the Defendant PEREZ for damages in a sum in excess of the minimal jurisdiction limits of this Court, together with costs of this suit, and any other relief this Court deems proper, and demands a trial by jury on all issues so triable.

## COUNT IX - CLAIM FOR ASSAULT AND BATTERY AGAINST DEFENDANT MIAMI DADE COUNTY

122.    Plaintiff re-alleges paragraphs 1 through 20 as if fully set forth herein.

123.    Defendant EUGENE's conduct was intentional but was not willful, wanton, or malicious.

124.    Defendant's conduct as alleged herein was committed within the course and scope of his employment as a police officer with the City of Miami Dade Police Department, and MIAMI DADE COUNTY.

125.    Defendant EUGENE's conduct constituted offensive and unprivileged touching on CARRAWAY's person.

126.   Defendant, MIAMI DADE COUNTY, is responsible for the battery committed by Defendant EUGENE upon CARRAWAY, in that the civil battery was committed in the course and scope of Defendant, EUGENE's employment with MIAMI DADE COUNTY such that respondent superior applies to this action.

127.   As a direct, proximate and foreseeable result of the acts and omissions of the Defendant, CARRAWAY was killed and the Plaintiff has in the past and will in the future suffer the following damages:

     i.    medical, funeral, and burial expenses that have become a charge of his Estate and/or that have been paid on behalf of the decedent.

     ii.   loss of support and services, loss of companionship, and for mental pain and suffering resulting from the loss of KENTRILL CARRAWAY.

    iii.   all damages allowable under 42 U.S.C. § 1983, Federal law and Florida law.

    iv.   loss of net accumulations of the Estate.

WHEREFORE, the Plaintiffs demand judgment against the Defendant for damages in a sum in excess of the minimal jurisdictional limits of this Court, together with costs of this suit, and any other relief this court deems proper, and demands a trial by jury on all issues so triable.

## COUNT X - CLAIM FOR ASSAULT AND BATTERY AGAINST DEFENDANT PEREZ

128.   Plaintiff re-alleges paragraphs 1 through 20 as if fully set forth herein.

129.   Defendant EUGENE's conduct was intentional but was not willful, wanton, or malicious.

130.   Defendant's conduct as alleged herein was committed within the course and scope of his employment as a police officer with the Miami Dade Police Department, and under the care and supervision of PEREZ.

131.   Defendant EUGENE's conduct constituted offensive and unprivileged touching on CARRAWAY's person.

132.    Defendant, PEREZ, in his official capacity as Chief of the Miami Dade Police is responsible for the battery committed by Defendant EUGENE upon CARRAWAY, in that the civil battery was committed in the course and scope of Defendant, EUGENE's employment with the Miami Dade Police such that respondent superior applies to this action.

133.    As a direct, proximate and foreseeable result of the acts and omissions of the Defendant, CARRAWAY was killed and the Plaintiff has in the past and will in the future suffer the following damages:

    i.    medical, funeral, and burial expenses that have become a charge of his Estate and/or that have been paid on behalf of the decedent.

    ii.    loss of support and services, loss of companionship, and for mental pain and suffering resulting from the loss of KENTRILL CARRAWAY.

    iii.    all damages allowable under 42 U.S.C. § 1983, Federal law and Florida law.

    iv.    loss of net accumulations of the Estate.

WHEREFORE, the Plaintiffs demand judgment against the Defendant for damages in a sum in excess of the minimal jurisdictional limits of this Court, together with costs of this suit, and any other relief this court deems proper, and demands a trial by jury on all issues so triable.

## COUNT XI - CLAIM FOR ASSAULT AND BATTERY AGAINST DEFENDANT EUGENE

134.    Plaintiffs re-allege paragraphs 1 through 20 as if fully set forth herein.

135.    Defendant EUGENE's conduct was intentional but was not willful, wanton, or malicious.

136.    Defendant EUGENE intentionally touched CARRAWAY in a harmful way without CARRAWAY's consent, when he shot CARRAWAY.

137.    Defendant EUGENE's conduct constituted offensive and unprivileged touching on CARRAWAY's person.

138.    As a direct, proximate and foreseeable result of the acts and omissions of the Defendant,

CARRAWAY was killed and the Plaintiff has in the past and will in the future suffer the following damages:

    i.    medical, funeral, and burial expenses that have become a charge of his Estate and/or that have been paid on behalf of the decedent.

    ii.    loss of support and services, loss of companionship, and for mental pain and suffering resulting from the loss of KENTRILL CARRAWAY.

    iii.    all damages allowable under 42 U.S.C. § 1983, Federal law and Florida law.

    iv.    loss of net accumulations of the Estate.

WHEREFORE, the Plaintiffs demand judgment against the Defendant for damages in a sum in excess of the minimal jurisdictional limits of this Court, together with costs of this suit, and any other relief this court deems proper, and demands a trial by jury on all issues so triable.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

### DEMAND FOR ATTORNEY'S FEES

Plaintiff hereby demand payment of attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

DATED this 27th day of July, 2017.

BARRY S. MITTELBERG, P.A.
Attorneys for Plaintiffs
10100 W Sample Road, Suite 407
Coral Springs, Florida 33065
Tel: (954) 752-1213 | Fax: (954) 752-5299
Primary e-mail: barry@mittelberglaw.com
Secondary e-mail: sandi@mittelberglaw.com

By: _____

**Barry S. Mittelberg, Esq.**
Florida Bar No.: 396567
**Valeria Angelucci, Esq.**
Florida Bar No.: 118068